THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:07-cr-00286-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARK STROUD WEDDING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 49].

**I. BACKGROUND**

In November 2008, the Defendant Mark Stroud Wedding was convicted of Hobbs Act robbery and possession of a firearm after having been convicted of a felony. He was sentenced to a total of 188 months' imprisonment. [Doc. 28]. The Defendant is currently incarcerated at FCI Yazoo City Medium, and his projected release date is October 30, 2021.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 3, 2020).

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. [Doc. 49].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he has exhausted his available administrative remedies. [Doc. 49 at 1]. As it appears that the Defendant has exhausted his administrative remedies, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also

2

consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Here, the Defendant asserts that the ongoing coronavirus pandemic constitutes an extraordinary and compelling reason for this immediate

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

release.³  The mere fact that the Defendant faces a potential risk of contracting COVID-19, however, is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).⁴  This is especially true where, as here, the Defendant is housed at a facility that currently has only one confirmed case among its inmate population.⁵

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

---

³ The Defendant does not identify any underlying health conditions that place him at a heightened risk of complications from contracting COVID-19.

⁴ See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

⁵ See https://www.bop.gov/coronavirus (last visited Sept. 3, 2020) (noting 1 inmate case, 6 cases among its staff, 0 deaths, and 17 inmates and staff recovered).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 49], is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 4, 2020

Martin Reidinger
Chief United States District Judge